1 | Linda M. Lawson (Bar No. 77130)
LLawson@mmhllp.com
2 | Carmen J. Cole (Bar No. 218489)
CCole@mmhllp.com
3 | MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
4 | Los Angeles, California 90071-3185
Telephone: (213) 620-0300
5 | Facsimile: (213) 625-1930

FILED
10 OCT -6 AM 11: 23
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

6 | Attorneys for Plaintiff
NATIONAL LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NATIONAL LIFE INSURANCE COMPANY, a Vermont corporation,

    Plaintiff,

vs.

CELINE LU OTT, an individual, DARLENE E. OTT, an individual, SUFAN CHIA OTT, an individual,

    Defendants.

Case No. CV10 7458-ODW (JC)

COMPLAINT IN INTERPLEADER

Plaintiff, NATIONAL LIFE INSURANCE COMPANY ("NATIONAL LIFE") alleges as follows:

1. This is an interpleader action of a civil nature of which this Court has original jurisdiction pursuant to the Federal Interpleader Act, 28 USC § 1335, in that diversity of citizenship exists between at least two claimants and the controversy involves a life insurance policy that provides for death benefits in excess of five hundred dollars ($500.00), exclusive of interest and costs.

2. NATIONAL LIFE, the issuer of the Policy, has in its custody and possession money payable under the Policy. Furthermore, two or more adverse claimants are claiming or may claim to be entitled to such money which NATIONAL LIFE will, concurrently with the filing of this Complaint, deposit into the registry of the Court, there

to abide by the judgment of the Court. Venue is proper in this District because one or more of the claimants resides in this District and this District is where a substantial part of the underlying events occurred.

3. At all relevant times, NATIONAL LIFE was, and now is, an insurance company existing under the laws of the State of Vermont, with its principal place of business in Montpelier, Vermont.

4. NATIONAL LIFE is duly qualified to engage in, and is engaging in, the business of insurance in the State of California.

5. NATIONAL LIFE is informed and believes, and on that basis alleges that Defendant CELINE LU OTT ("Celine") is a citizen and resident of the State of California, County of Los Angeles and is over the age of 21. NATIONAL LIFE is further informed and believes, and on that basis alleges that Celine was the wife of and married to the insured, WILLIAM E. OTT, deceased (the "insured" or "OTT") at the time of his death.

6. NATIONAL LIFE is informed and believes, and on that basis alleges that Defendant SUFAN CHIA OTT ("Sufan") is a citizen and resident of the State of California, County of Los Angeles, is over the age of 21, and is the ex-wife of the insured whose insurance proceeds are in dispute in this action.

7. NATIONAL LIFE is informed and believes, and on that basis alleges that Defendant DARLENE E. OTT ("Darlene") is a citizen and resident of the State of California, County of El Dorado, is over the age of 21, and is the ex-wife of the insured whose insurance proceeds are in dispute in this action.

8. In dispute are death benefit proceeds payable under a life insurance policy issued by NATIONAL LIFE providing coverage for the insured. The net death benefit amounts to Three Hundred Thirty-Four Thousand, Three Hundred Sixty-Eight Dollars and Twenty-Two Cents ($334,368.22) which is owned by, and insured the life of, OTT.

9. A Change Confirmation Letter dated August 14, 1989, states that a "new Beneficiary Agreement provides that Darlene E. Ott will no longer be the Primary Beneficiary." A Beneficiary Agreement Request of the same date names Sufan as the

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

113872.1

2

COMPLAINT IN INTERPLEADER

Primary Beneficiary under the Policy. (True and correct copies of the August 14, 1989 Change Confirmation Letter and Beneficiary Agreement Request are attached hereto as Exhibit "A").

10. A Beneficiary Agreement Request dated December 29, 1998 names the insured as the trustee of the William E. Ott Trust as the First Beneficiary under the Policy. A Second Beneficiary is not named. (A true and correct copy of the December 29, 1998 Beneficiary Agreement Request is attached hereto as Exhibit "B").

11. A Beneficiary Agreement Request dated August 9, 1999 names Sufan as the First Beneficiary under the Policy. A Second Beneficiary is not named. (A true and correct copy of the August 9, 1999 Beneficiary Agreement Request is attached hereto as Exhibit "C"). NATIONAL LIFE is informed and believes that Sufan was over the age of 21 at the time of the insured's death. NATIONAL LIFE has no record of any beneficiary change or subsequent Beneficiary Agreement Request being made for the Policy since August 9, 1999. Consequently, the beneficiary designation for this Policy remains to be Sufan as the beneficiary designated in the August 9, 1999 Beneficiary Agreement Request. The benefits payable under the Policy upon the death of the insured are Three Hundred Thirty-Four Thousand, Three Hundred Sixty-Eight Dollars and Twenty-Two Cents ($334,368.22).

12. The insured died on October 1, 2009. (A true and correct copy of the insured's death certificate is attached hereto as Exhibit "D").

13. On November 19, 2009, Sufan submitted a Claimant's Statement form to NATIONAL LIFE requesting the Policy proceeds as the designated beneficiary under the Policy. (A true and correct copy of Sufan's Claimant's Statement form is attached hereto as Exhibit "E").

14. NATIONAL LIFE is informed and believes and thereon alleges that a controversy exists with respect to the proceeds of the Policy due to the rival claims of the ex-wives Darlene and designated beneficiary, Sufan, on the one hand, and Celine, as the widow of the insured, on the other hand.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

113872.1

3

COMPLAINT IN INTERPLEADER

15. NATIONAL LIFE alleges that there are proceeds payable under the Policy in the amount of Three Hundred Thirty-Four Thousand, Three Hundred Sixty-Eight Dollars and Twenty-Two Cents ($334,368.22), plus interest accrued at the applicable rate from the date of the insured's death through the present. NATIONAL LIFE claims no beneficial interest in the proceeds due under the Policy, as it is a mere stakeholder with respect to the proceeds under the Policy. NATIONAL LIFE has at all times been, and is now, ready, willing and able to pay the sums due under the Policy to the person or persons legally entitled thereto. As a result of the facts and circumstances set forth above, which facts and circumstances relate to potential conflicting claims for the proceeds of the Policy, NATIONAL LIFE cannot definitively or safely determine to whom (and in what amounts) payment of these proceeds should be made. Specifically, NATIONAL LIFE cannot determine whether to pay the benefits directly to Sufan as designated by the insured in the most recent Beneficiary Agreement Request, to Celine as the widow of the insured, or to Sufan, Celine, and Darlene in some other unknown percentages or amounts. As a consequence, NATIONAL LIFE cannot disburse the proceeds of the Policy without incurring significant risks of multifarious liability and duplicative litigation.

16. Concurrently with the filing of this Complaint in Interpleader, NATIONAL LIFE shall deposit with the Clerk of this Court a check for the remaining total proceeds payable under the Policy which amounts to Three Hundred Thirty-Four Thousand, Three Hundred Sixty-Eight Dollars and Twenty-Two Cents ($334,368.22), plus all applicable interest on that amount to date.

17. This Complaint in Interpleader is brought in good faith and without collusion with any of the defendants.

18. This action is necessary for NATIONAL LIFE to avoid a multiplicity of actions, unnecessary costs, attorneys' fees, and expenses of suit, which affairs constitute irreparable damage to NATIONAL LIFE.

19. As a result of the conflicting claims or potential claims for the benefits payable under the Policy, NATIONAL LIFE has incurred attorneys' fees and costs and

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

113872.1

4

COMPLAINT IN INTERPLEADER

continues to incur attorneys' fees and costs to investigate and establish the facts pertinent to the conflicting claims or potential claims for benefits payable under the Policy. To that end, NATIONAL LIFE has retained the law firm of Meserve, Mumper & Hughes, LLP to provide legal services and to protect NATIONAL LIFE's interests. NATIONAL LIFE has agreed to pay Meserve, Mumper & Hughes, LLP reasonable attorneys' fees for its services. NATIONAL LIFE alleges, and requests, that its costs and reasonable attorneys' fees incurred in the filing and prosecution of this action should be, and be, reimbursed from the sums deposited by NATIONAL LIFE with the Clerk of this Court in this action.

20. NATIONAL LIFE is informed and believes, and on that basis alleges, that one or all of the potential claimants may institute a civil proceeding against NATIONAL LIFE arising out of the Policy or the proceeds payable under the Policy. It is upon this information and belief that NATIONAL LIFE requests that the parties be enjoined by Order of the Court, restraining them from instituting or prosecuting any proceeding in any State or United States court against NATIONAL LIFE in any way connected with the Policy or the proceeds payable under the Policy at issue here, or affecting the rights and obligations as among the parties to this action, under 28 U.S.C. Section 2361.

WHEREFORE, NATIONAL LIFE prays for judgment as follows:

1. That the Summons issued out of this Court be addressed and served on each of the defendants, requiring each of the defendants to appear, answer, plead and litigate their respective rights and claims in and to the proceeds at issue under the Policy;

2. That each defendant, their agents, attorneys, and representatives and all persons claiming by, through or under them, be enjoined and restrained from instituting or prosecuting any suit or proceeding or any action or actions in any State court or Federal court against NATIONAL LIFE or any of its agents on account of the Policy or the proceeds payable under the Policy during the pendency of this action and permanently;

3. That NATIONAL LIFE be released from any and all further liability to each defendant and any persons claiming by, through or under them, arising out of the Policy or

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

113872.1

5

COMPLAINT IN INTERPLEADER

1 the proceeds payable under the Policy, and that NATIONAL LIFE be dismissed from all further proceedings in this action with prejudice;

4. That this Court allow NATIONAL LIFE a reasonable sum for its attorneys' fees and costs of suit incurred in the preparation and prosecution of this action and that this sum be paid out of the proceeds of the Policy or as the Court deems proper;

5. That this Court decree this Complaint in Interpleader to be properly filed and brought in good faith; and

6. For such other and further relief as the Court deems just and proper.

Dated: October __, 2010

MESERVE, MUMPER & HUGHES LLP
LINDA M. LAWSON
CARMEN J. COLE

By: _____
Carmen J. Cole
Attorneys for Plaintiff
NATIONAL LIFE INSURANCE COMPANY

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

113872.1

6

COMPLAINT IN INTERPLEADER

**Change Confirmation Letter**

**National Life Group**
☒ National Life Insurance Company
☐ Vermont Life Insurance Company    ☐ Champlain Life Insurance Company

To: Agency 003 -- LA Cappel
attn: Joan
s/a: Kenneth R. Winthrop

LENORE BAYNE
AUG 14 1989

August 14, 1989

Re: Policy No. 2116417 -- William E. Ott

As requested, we have recorded the following transactions:

_____ Collateral/Absolute assignment

(We have no record of any other outstanding liens or assignments except:

Premiums are paid to _____
_____ Discharge of collateral assignment

_____ Change of ownership

Premiums are paid to _____
—x— Change of beneficiary or settlement provision

_____ Change of name

_____ Automatic Premium Loan (Automatic Payment of Premium) provision made operative/inoperative.

Enclosed:

—x— Copies of the instrument which accomplished each change, one to be attached to each policy.

_____ The policy(ies)

Remarks:
The new Beneficiary Agreement provides that Darlene E. Ott will no longer be the Primary Beneficiary. Because of the community property laws of California, we suggest that there be filed with us either a letter signed by Darlene Ott consenting to the change of beneficiary requested 7/18/89 or, if available, a release of community property interest in the policy signed by Darlene Ott. We suggest this with the hope of eliminating now any question of rightful beneficiaries or adverse interests in the event of a claim.

If Darlene Ott is no longer living, please tell us the date of death.

Lenore B.
Lenore Bayne
Title Section

1288-85        National Life Group • Montpelier, Vermont 05604        RT1028 (P3-1)

RECEIVED
DEC 22 1998
FILE SECTION

**Beneficiary Agreement Request**
Read Page 2 Before Completing Form

Issuing Company: NATIONAL LIFE OF VERMONT
Policy(ies) numbered: 2116417
On the life of: William E. Ott

Request is hereby made, subject to the rights of present collateral assignees of record, if any, that the proceeds shall be payable at the death of the Insured(s), as designated in the policy(ies), in accordance with the following provisions. The present beneficiary is revoked. The right to change the beneficiary of each policy as provided in that policy is reserved.

**First Beneficiary(ies):** Name(s) — Relationship to Insured — Date of Birth — Social Security No.

William E. Ott, trustee of the William E. Ott Trust, his successors or assigns, u/d/o 3/4/91, as amended.

**Second Beneficiary(ies):** Name(s) — Relationship to Insured — Date of Birth — Social Security No.

**Beneficiary Address:**
Instructions:
1. Indicate below the current address of each beneficiary named in this designation.
2. If a class of beneficiaries is named (e.g., Provision for Issue), indicate the name and address of each living beneficiary.
3. Attach a separate sheet if additional space for the address is needed.

Name — Street Address — City, State, Zip Code

William E. Ott, Trustee — 67 Paseo de Castana — Rancho Palos Verdes, CA 90274

**Short Term Survivorship:** Any beneficiary under this Agreement who survives the Insured but dies prior to noon of the tenth day after the death of the Insured will be considered as not having survived the Insured. Request is made to change the number of days for Short Term Survivorship from ten (10) days to: _____ (Enter number of days - 0 to 90 days may be used.)

**Notice:** If at the death of the Insured there is no existing beneficiary, the death benefit will be paid in one sum:
1. to the owner or the owner's estate, or
2. to the Insured's estate on any policy which is part of a pension or profit sharing plan.

Notwithstanding any provision of this policy, this Beneficiary Agreement shall be effective as of its date of execution and upon its being recorded at the Administrative/Home Office. This Beneficiary Agreement is valid whether the Insured is living at the time of recording or not. This does not prejudice the Company on account of any payment made by it before receipt of this Agreement at the Administrative/Home Office. The provisions set forth on the reverse side are part of this Agreement.

**Authorizing Signatures:**
Owner's Signature: [signed] Willis Ott    Date: (mm/dd/yyyy) 11/30/98

**Administrative/Home Office Use Only:**
Filed at the Administrative/Home Office:
National Life Insurance Company
Recorded and copy returned to owner
By: [signed] _____, Registrar    Date: DEC 29 1998

Your copy of this agreement with the Company's written acknowledgment of recording thereon should be filed with the policy.

Page 1 of 2

1531(0698)
Cat. No. 40447

ONE NATIONAL LIFE DRIVE • MONTPELIER, VERMONT 05604
* Any changes must be initialed.

Nov 25 '98  11:33  P.01

JUL-22-1999 16:01                                          P.10

## Beneficiary Agreement Request
*Read Page 2 Before Completing Form*

**Issuing Company:** NATIONAL LIFE INSURANCE COMPANY OF VERMONT
**Policy(ies) numbered:** 211691700
**On the life of:** WILLIAM E. OTT

Request is hereby made, subject to the rights of present collateral assignees of record, if any, that the proceeds shall be payable at the death of the insured(s), as designated in the policy(ies), in accordance with the following provisions. The present beneficiary is revoked. The right to change the beneficiary of each policy as provided in that policy is reserved.

**First Beneficiary(ies):**

| Name(s) | Relationship to Insured | Date of Birth | Social Security No. |
|---|---|---|---|
| SUSAN CHIA OTT | WIFE | 11-1-67 | 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 |

**Second Beneficiary(ies):**

| Name(s) | Relationship to Insured | Date of Birth | Social Security No. |
|---|---|---|---|
| | | | |

**RECEIVED**

**AUG 03 1999**

**TITLE SECTION**

**Beneficiary Address:**
Instructions:
1. Indicate below the current address of each beneficiary named in this designation.
2. If a class of beneficiaries is named (e.g., Provision for Issue), indicate the name and address of each living beneficiary.
3. Attach a separate sheet if additional space for the address is needed.

| Name | Street Address | City, State, Zip Code |
|---|---|---|
| SUSAN CHIA OTT | 67 PASEO DE CASTANA | RANCHO PALOS VERDES, CA 90274 |

**Short Term Survivorship:** Any beneficiary under this Agreement who survives the Insured but dies prior to noon of the tenth day after the death of the Insured will be considered as not having survived the Insured. Request is made to change the number of days for Short Term Survivorship from ten (10) days to: **0** (Enter number of days - 0 to 90 days may be used.)

**Notice:** If at the death of the Insured there is no existing beneficiary, the death benefit will be paid in one sum:
1. to the owner or the owner's estate, or
2. to the Insured's estate on any policy which is part of a pension or profit sharing plan.

Notwithstanding any provision of this policy, this Beneficiary Agreement shall be effective as of its date of execution and upon its being recorded at the Administrative/Home Office. This Beneficiary Agreement is valid whether the Insured is living at the time of recording or not. This does not prejudice the Company on account of any payment made by it before receipt of this Agreement at the Administrative/Home Office. The provisions set forth on the reverse side are part of this Agreement.

**Authorizing Signatures:**

Owner's Signature: *[signed] William E. Ott*      Date: (mm/dd/yyyy) 07/22/99

**Administrative/Home Office Use Only:**
Filed at the Administrative/Home Office:
National Life Insurance Company
Recorded and copy returned to owner.
By: *[signature]*      Registrar      Date: **AUG 09 1999**

Your copy of this agreement with the Company's written acknowledgment of recording thereon should be filed with the policy.

ONE NATIONAL LIFE DRIVE • MONTPELIER, VERMONT 05604
*Any changes must be initialed.*

1531(0898)
Cat. No. 40447

Page 1 of 2

Exhibit C   9

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

### COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC HEALTH
#### CERTIFICATE OF DEATH

State File Number: 3200919039409

| Field | Value |
|---|---|
| 1. Name of Decedent—First | WILLIAM |
| 2. Middle | ERNEST |
| 3. Last (Family) | OTT |
| 5. Date of Birth | 09/17/1948 |
| 6. Age | 61 |
| 8. Sex | M |
| 9. Birth State/Foreign Country | Ohio |
| 10. Social Security Number | 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 |
| 11. Ever in U.S. Armed Forces | No |
| 12. Marital Status | MARRIED |
| 7. Date of Death | 10/01/2009 |
| Hour | 0150 |
| 13. Education | BACHELOR |
| 16. Decedent's Race | CAUCASIAN |
| 17. Usual Occupation | EXECUTIVE |
| 18. Kind of Business/Industry | UNIFORM MFG AND DISTRIBUTION |
| 19. Years in Occupation | 35 |
| 20. Decedent's Residence | 17 CLUB VIEW LANE |
| 21. City | ROLLING HILLS ESTATES |
| 22. County/Province | LOS ANGELES |
| 23. Zip Code | 90274 |
| 24. Years in County | 35 |
| 25. State/Foreign Country | CALIFORNIA |
| 26. Informant's Name/Relationship | CELINE LU OTT, WIFE |
| 27. Informant's Mailing Address | 17 CLUB VIEW LANE, ROLLING HILLS ESTATES, CA 90274 |
| 28. Name of Surviving Spouse—First | CELINE |
| 29. Middle | |
| 30. Last (Maiden Name Here) | LU |
| 31. Name of Father—First | ROBERT |
| 32. Middle | E |
| 33. Last | OTT |
| 34. Birth State | IN |
| 35. Name of Mother—First | INEZ |
| 36. Middle | B |
| 37. Last (Maiden) | STUMP |
| 38. Birth State | IN |
| 39. Disposition Date | 10/05/2009 |
| 40. Place of Final Disposition | AT SEA OFF THE COAST OF LOS ANGELES COUNTY |
| 41. Type of Disposition(s) | CR/SEA |
| 42. Signature of Embalmer | NOT EMBALMED |
| 45. Name of Funeral Establishment | NEPTUNE SOCIETY |
| License Number | FD1985 |
| 46. Signature of Local Registrar | JONATHAN FIELDING, MD |
| 47. Date | 10/05/2009 |
| 101. Place of Death | RESIDENCE |
| 103. Facility Address | 17 CLUB VIEW LANE |
| 104. County | LOS ANGELES |
| City | ROLLING HILLS ESTATES |
| 107. Cause of Death — Immediate Cause | CARDIORESPIRATORY ARREST (MINS) |
| Due to | END STAGE CHRONIC OBSTRUCTIVE PULMONARY DISEASE (MONS) |
| 112. Other Significant Conditions | NONE |
| 113. Was Operation Performed | NO |
| 115. Physician Signature | JAMES ALEXANDER MCKINNELL, M.D. |
| License Number | A95978 |
| 117. Date | 10/02/2009 |
| Attending Physician | JAMES ALEXANDER MCKINNELL, M.D., 1000 WEST CARSON, TORRANCE, CA 90509 |
| Decedent Attended Since | 09/28/2009 |
| Last Seen | 09/28/2009 |

FAX AUTH #: 010001001324516

This is a true certified copy of the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.

Jonathan E. Fielding, MD
Director of Public Health and Registrar

Date Issued: OCT 13 2009

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

Exhibit D 10

## Claimant's Statement

Read Instructions on page 2 before completing this form.

Claim is made by the undersigned for proceeds of the policies indicated in accordance with the provisions thereof.

Issuing Company: National Life Insurance Company

Policy Number(s): 2116417

Full Name of Deceased: William E Ott

Birth Date of Deceased: (mm/dd/yyyy) 09/17/1948

Cause of Death: CARDIORESPIRATORY ARREST

Date of Death: (mm/dd/yyyy) 10/01/2009

Legal Residence of Deceased: (City/Town/County, State)
17 Club VIEW LANE
ROLLING HILLS ESTATES CA 90274

Place of Death: (City/Town/County, State)
ROLLING HILLS ESTATES
LOS ANGELES COUNTY, CALIFORNIA

If the Proceeds are payable to an individual beneficiary and the death benefit exceeds $10,000, payment will be made through our Reserve Asset Account (RAA) where the benefits are immediately available for the beneficiary's use upon receipt of the RAA kit. We must be notified if another method of payment is requested. *(The beneficiary must reside in a state that permits this claim settlement)*

Interest paid on one sum death claim proceeds is taxable to the beneficiary and may be reported to the Internal Revenue Service. Please check here if you do not wish to have the Reserve Asset Account described above. ( √ )

**Taxpayer Identification Number (TIN)** (Read this notice carefully.)
You (as payee) are required by law to provide us (as payer) with your correct TIN. If you are an individual, your TIN is your social security number, otherwise it is your TIN. If you have not provided us with your correct TIN, you may be subject to penalties imposed by the Internal Revenue Service.

In addition, interest payments that we make to you may be subject to backup withholding. If interest payments are subject to backup withholding, a payer is required to apply backup withholding on the payments made to you. Backup withholding is not an additional tax. Rather the tax liability of persons subject to backup withholding will be reduced by the amount of tax withheld. If withholding results in an overpayment of taxes, a refund may be obtained.

**Taxpayer Identification Number – for all Accounts:**

(You MUST indicate your TIN below. If you do not have a TIN, please refer to instructions on reverse side.)

Social Security Number: 619 09 9969 - or - Taxpayer Identification Number: 

**Caution Before Signing as Claimant,**
Read instructions and tax information above or on reverse side.
Sign as Executor, Administrator, Guardian, Trustee or Assignee ONLY if claim is made in such capacity.

**Taxpayer Identification Number Certification**
Under penalties of perjury, I certify that (1) the number shown on this form is my correct taxpayer identification number; (2) the IRS has never notified me that I am subject to backup withholding, or has notified me that I am no longer subject to such withholding or I am exempt from such withholding; and (3) I am a U.S. person (including a U.S. resident alien). You must cross out item 2 if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return.

The undersigned certifies that no proceedings, either voluntary or involuntary, under the United States Bankruptcy law were pending against the deceased at the time of the decedent's death and none are now pending against the undersigned.

**NOTICE: BEFORE SIGNING BELOW READ THE IMPORTANT FRAUD WARNING NOTICE ATTACHED**

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Claimant's Signature: Susan C. Ott    Date: (mm/dd/yyyy) 11/19/2009

Claimant's Birth Date: 11/1/1967

Relationship to Deceased: (See instruction 2 on page 2.) EX-WIFE

Print Claimant's Name and Mailing Address:
SUSAN C. OTT
67 PASEO DE CASTANA
RANCHO PALOS VERDES CA 90275

1518    One National Life Drive • Montpelier, Vermont 05604 • Tel: 800 232-5246 • Fax: 802 229-7353    page 1 of 4

Exhibit E  11

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

```
CV10- 7458 ODW (JCx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LIFE INSURANCE COMPANY, a Vermont Corporation,<br><br>                          PLAINTIFF(S)<br>        v.<br>CELINE LU OTT, an individual, DARLENE E. OTT, an individual, SUFAN CHIA OTT, an individual,<br><br>                         DEFENDANT(S). | CASE NUMBER<br><br>**CV10 7458-ODW(JC)**<br><br>**SUMMONS** |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

    Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Carmen J. Cole</u>, whose address is <u>MESERVE, MUMPER & HUGHES LLP, 300 South Grand Avenue, 24th Floor, Los Angeles, CA 90071</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

 

                                                Clerk, U.S. District Court

Dated: <u>October 6, 2010</u>                 By: _____
                                                                          Deputy Clerk

                                                                                   (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>NATIONAL LIFE INSURANCE COMPANY, a Vermont corporation | **DEFENDANTS**<br>CELINE LU OTT, an individual, DARLENE E. OTT, an individual, SUFAN CHIA OTT, an individual |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Linda M. Lawson, Esq.<br>Carmen J. Cole, Esq.<br>MESERVE, MUMPER & HUGHES LLP<br>300 South Grand Avenue, 24th Floor<br>Los Angeles, CA 90071 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 334,368

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Interpleader Act, 28 USC section 1335, diversity of citizenship exists between at least two claimants and the controversy involves a life insurance policy that provides for death benefits in excess of $500.00, exclusive of interest and costs.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 442 Employment | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: CV10 7458

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2
CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | National Life Insurance Company, principal place of business in Montpelier, Vermont |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles - Celine Lu Ott and Sufan Chia Ott | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | County of El Dorado - Darlene Ott |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/ Carmen J. Cole_   Date October 5, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |